J.S., Appellant,

v.

Robert BEAIRD, et al., Respondents.

No. SC 82274.

Supreme Court of Missouri,
En Banc.

Oct. 17, 2000.

James R. Wyrsch, Marilyn B. Keller, Christen D. Shepherd, Kansas City, for appellant.

Lisa N. Gentleman, Deputy County Counselor, Kansas City, for respondents Beaird and Anderson.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Virginia Wasiuk Lay, Asst. Atty. Gen., Kansas city, for intervenor State of Mo.

JOHN C. HOLSTEIN, Judge.

J.S. was convicted of statutory rape in 1983. He served a prison sentence until 1987 and was discharged from parole in 1993. Since his discharge he has resided in Jackson County, Missouri, and has worked as an over-the-road truck driver. In 1994, the state enacted "Megan's Law," sec. 589.400 to 589.425., RSMo Supp.1999. The statute requires registration by certain sex offenders with the local sheriff's department. In 1999, the Jackson County sheriff notified J.S. that he must register. J.S. filed suit for an injunction and declaratory judgment in the circuit court claiming he is not among those who must register as a sex offender under the statute. He also asserts the statute is an unconsti-

tutional ex post facto law as applied to him. The trial court entered judgment in favor of the Jackson County prosecutor and sheriff. Because J.S.'s petition challenges the validity of a statute of this state, this Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.* Because the law is not applicable to J.S., the judgment is reversed. The Court does not reach the constitutional issue.

■ Missouri's sex offender registration statute, sec. 589.400, was originally passed in 1994 with an effective date of January 1, 1995. It was amended slightly in 1997. It contains two relevant sections:

1. Sections 589.400 to 589.425 shall apply to:

   Any person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty to committing, or attempting to commit, a felony offense of chapter 566, . . . .

2. Any person to whom sections 589.400 to 589.425 applies shall, within ten days of coming into any county, register with the chief law enforcement official of the county in which such person resides.

The first subsection enumerates those to whom the statute applies. J.S. does not dispute that he falls under subsection 1 as he was found guilty of a felony sex offense under chapter 566 after July 1, 1979. The critical question is whether J.S. falls into that group of sexual offenders "coming into" Jackson County.

■ The cardinal rule of statutory construction is that the intention of the legislature in enacting the statute must be determined and the statute as a whole should be looked to in construing any part of it. *Shipley v. Columbia Mut. Ins. Co.,* 712 S.W.2d 375, 378 (Mo. banc 1986). Words are to be given their plain and ordinary meaning wherever possible.

*State ex rel. Maryland Heights Fire Protection Dist. v. Campbell,* 736 S.W.2d 383, 387 (Mo. banc 1987). Where the words of a statute are capable of more than one meaning, the court gives the words a reasonable reading rather than an absurd or strained reading. *State v. Schleiermacher,* 924 S.W.2d 269, 276 (Mo. banc 1996).

The obvious legislative intent for enacting sec. 589.400 was to protect children from violence at the hands of sex offenders. But the General Assembly used language that is somewhat awkward when applied to the facts at hand. Instead of a straightforward requirement that prior sex offenders register with the sheriff upon being present in any county for more than ten days, the legislature chose the act of "coming into" any county to trigger the registration requirement.

Under the facts of this case, the phrase "coming into any county" may have any of several meanings. The phrase in its broadest sense may mean that a person such as J.S. must register even though he never left the county of his residence after the law became effective. But a person cannot be said to be "coming into" a county who never left that county. This strained interpretation is not consistent with the meaning of the words used. A second reading is that after the law's effective date, any temporary absence from his home county requires J.S. to register within ten days of his return. This interpretation suggests the legislature intended to require registration by one whose work takes him temporarily away from his home county, but not another person who never left home. Nothing suggests the legislature had that odd purpose in mind. A third reading, the one argued by J.S., is that registration is only required if J.S. establishes a new residence in a county by "coming into" that county after the law's effective date.

In discerning the legislature's intent, it is important to consider the context of the

whole sentence in which the ambiguous phrase appears. A contextual reading indicates that J.S. correctly discerns the legislative intent. The phrase requiring registration by a person "coming into any county" is followed in the same sentence by the phrase requiring registration with the sheriff of "the county in which such person resides." Reading the two phrases together suggests an intent that only a person coming into a county to establish residence must register with the sheriff.

This contextual reading is reinforced by the rule of lenity, that is, that ambiguity in a penal statute will be construed against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. *State v. Stewart,* 832 S.W.2d 911, 913 (Mo. banc 1992). While the requirement of registration is not necessarily punitive, sections 589.400 to 589.425 penalize a failure to register as a class A misdemeanor and subsequent offenses as a class D felony. Thus, under the rule of lenity, the statute should be construed so that J.S., who has resided in Jackson County since the law came into effect, is not required to register.

The Court concludes that the trial court erred in finding the statute applicable to J.S. because he has been a resident of Jackson County at all times since sec. 589.400 became effective. The judgment is reversed, and the cause is ordered remanded to the trial court for further proceedings consistent with this opinion.

All concur.