Jay Edward **HAFFNER**, Appellant,

v.

Douglas **SAULTERS**, Sheriff of St. Charles County, Respondent.

No. ED 80157.

Missouri Court of Appeals, Eastern District, Division One.

May 28, 2002.

Joseph S. Rubin, Clayton, MO, for Appellant.

Joann Leykam, St. Charles, MO, for Respondent.

**WILLIAM H. CRANDALL, JR.,** Presiding Judge.

Jay Haffner appeals from the circuit court's judgment declaring that he was subject to the sex offender registration provisions of section 589.400 RSMo.2000. We affirm.

In 1980, Haffner entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to abuse of a child, a class D felony. In March 1998, Haffner registered, as provided under "Megan's Law," sections 589.400 to 589.425, as a sex offender in St. Louis County. After moving to St. Charles County, Haffner registered in that county. Haffner brought a declaratory judgment action arguing among other things that because he entered an *Alford* plea, he was not subject to the provisions of section 589.400.[1] Both parties filed motions for summary judgment. The court entered judgment for defendant ruling that Haffner's entry of an *Alford* plea did not exempt him from the registration requirements of section 589.400. Haffner appeals, raising one point.

Haffner was charged with abuse of a child, a class D felony, and endangering the welfare of a child, a class A misdemeanor. The following is from Haffner's 1980 plea hearing:

> THE COURT: Now that you have been advised of the minimum and maximum sentences that the Court could impose upon the plea of guilty to these charges, are you still voluntarily entering a plea of guilty?
>
> [HAFFNER]: Yes, sir.
>
> THE COURT: And when you enter a plea of guilty under the doctrine of North Carolina versus—Alford versus North Carolina, you are still admitting the essential elements of the charges against you, and the essential elements of the charges against you are that in Count I, in St. Louis County, the State of Missouri, between the 1st and the 31st day of March, 1979, you knowingly permitted [ ], a child less than seventeen

---

1. The prosecuting attorney of St. Charles County was originally named as defendant. The sheriff of St. Charles County was later substituted as defendant.

years old, to engage in nudity for the purpose of photographing such conduct of the child; and in Count 2, between the 1st and the 31st day of March, 1979, in the County of St. Louis, State of Missouri, that you were charged with creating a substantial risk to the health and safety of [ ], a child less than seventeen years old, by compelling her to remove the trousers and underpants of [ ]. Do you understand that?

[HAFFNER]: Yes.

THE COURT: I know you are not admitting that, but do you understand that by entering a plea of guilty, those are the charges that have been filed against you?

[HAFFNER]: Yes, sir.

Section 589.400 provides in part:

1. Sections 589.400 to 589.425 shall apply to:

(2) Any person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty to committing, or attempting to commit one or more of the following offenses: ... abuse of a child ... and committed or attempted to commit the offense against a victim who is a **minor,** defined for the purposes of section 589.400 to 589.425 as a person under eighteen years of age;

...

2. Any person to whom sections 589.400 to 589.425 apply shall within ten days of coming into any county, register with the chief law enforcement official of the county in which such person resides.

■■■ At issue is whether a person entering an *Alford* plea to one of the enumerated offenses under section 589.400.1(2) is subject to the provisions of sections 589.400 to 589.425.[2] The cardinal rule of statutory construction is that the legislature's intent in enacting the statute must be determined and the statute as a whole should be viewed when construing any part of it. *J.S. v. Beaird,* 28 S.W.3d 875, 876 (Mo. banc 2000). Words are to be given their plain and ordinary meaning whenever possible. *Id.* If the words of a statute are capable of more than one meaning, the court gives the words a reasonable reading rather than an absurd or strained reading. *Id.* "The obvious legislative intent for enacting sec. 589.400 was to protect children from violence at the hands of sex offenders." *Id.*

■■■ Haffner admits that an *Alford* plea is a guilty plea.[3] But he contends that although it was a guilty plea, he did not plead guilty "to committing the offense" of child abuse as provided in section 589.400 and therefore he is not subject to the statute's registration requirements. Haffner emphasizes that he never admitted committing or attempting to commit the offense of abuse of a child. Haffner is effectively arguing that he pleaded guilty to the offense of abuse of a child, but not

---

2. The judgment entered on Haffner's plea is not part of the record on appeal. Review of the plea transcript indicates that Haffner pleaded guilty to violating section 568.060.1(b) RSMo.1978. Accordingly, review is for whether sections 589.400 to 589.425 apply to Haffner based on section 589.400.1(2).

3. In *Alford,* the defendant entered a guilty plea but denied committing the crime. *Alford,* 400 U.S. at 32, 91 S.Ct. at 164–65. The

U.S. Supreme Court held that although most guilty pleas consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. *Id.* In addition, a judgment on a guilty plea may not be entered unless the trial court determines that there is a factual basis for the guilty plea. *State v. Hunter,* 840 S.W.2d 850, 864 (Mo. banc 1992); *see also* Rule 24.02(e).

to committing the offense of abuse of a child. But Haffner fails to state what he was pleading guilty to if not committing the offense of abuse of a child. By entering his plea, Haffner was subject to the criminal penalty for abuse of a child. For purposes of section 589.400, we fail to find a meaningful difference between pleading guilty to an offense and pleading guilty to committing an offense. A plea of guilty is a plea of guilty. Haffner's *Alford* plea to abuse of a child made him subject to the provisions of sections 589.400 to 589.425. Haffner's point is denied.

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., concur.