Dear Representative Johnson:
 You have submitted the following question to this office for response:
 An alderman, or member of a TIF commission appointed pursuant to § 99.820.2, is the owner of real property in an area proposed for a redevelopment project under § 99.820. Does § 99.820.1(13) bar that owner from voting, either as an alderman or as a member of the TIF commission, on any matter pertaining to the redevelopment plan?
Section 99.820, RSMo Cum. Supp. 2005,[1] outlines the powers and duties of municipalities in relation to real property tax increment allocation redevelopment. Under § 99.820.2, a municipality must create a commission prior to adopting an ordinance relating to a redevelopment plan and must follow certain guidelines in appointing members to the commission.
Section 99.820.1(13), which relates to property interests of commission members or aldermen involved in a redevelopment project, addresses conflicts of interest among those officials:
 (13) If any member of the governing body of the municipality, a member of a commission established pursuant to subsection 2 of this section, or an employee or consultant of the municipality, involved in the planning and preparation of a redevelopment plan, or redevelopment project for a redevelopment area or proposed redevelopment area, owns or controls an interest, direct or indirect, in any property included in any redevelopment area, or proposed redevelopment area, which property is designated to be acquired or improved pursuant to a redevelopment project, he or she shall disclose the same in writing to the clerk of the municipality, and shall also so disclose the dates, terms, and conditions of any disposition of any such interest, which disclosures shall be acknowledged by the governing body of the municipality and entered upon the minutes books of the governing body of the municipality. If an individual holds such an interest, then that individual shall refrain from any further official involvement in regard to such redevelopment plan, redevelopment project or redevelopment area, from voting on any matter pertaining to such redevelopment plan, redevelopment project or redevelopment area, or communicating with other members concerning any matter pertaining to that redevelopment plan, redevelopment project or redevelopment area. Furthermore, no such member or employee shall acquire any interest, direct or indirect, in any property in a redevelopment area or proposed redevelopment area after either (a) such individual obtains knowledge of such plan or project, or (b) first public notice of such plan, project or area pursuant to section 99.830, whichever first occurs[.]
Under Missouri law, we use the "plain or ordinary and usual sense" of words and phrases found in Missouri statutes. See §1.090, RSMo 2000; J.S. v. Beaird, 28 S.W.3d 875, 876 (Mo. banc 2000) (citing State ex rel. Maryland Heights Fire Prot. Dist. v.Campbell, 736 S.W.2d 383, 387 (Mo. banc 1987)).
Applying the plain and ordinary meaning of the terms "interest, direct or indirect, in any property," ownership of real property within a proposed redevelopment area is a "direct" "interest" in property in that area. Thus an alderman or TIF commissioner who owns real property within a proposed redevelopment area has an "interest, direct or indirect, in any property" within that area, and that alderman or commissioner is barred by § 99.820.1(13) from voting on matters pertaining to the redevelopment plan.
 CONCLUSION
An alderman or TIF commissioner who owns real property within a proposed redevelopment area has an "interest, direct or indirect, in any property" within a proposed redevelopment area, and that alderman or commissioner is thus barred by § 99.820.1(13), RSMo Cum. Supp. 2005, from voting on matters pertaining to the redevelopment plan for that area.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2005.