

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| In re: GRAHAM KERSTING, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD78983 |
| | ) | |
| SUPERINTENDENT RON | ) | **FILED:** June 7, 2016 |
| REPLOGLE, MISSOURI STATE | ) | |
| HIGHWAY PATROL, | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Boone County**
**The Honorable Gary M. Oxenhandler, Judge**

**Before Division Four: Alok Ahuja, C.J., Mark D. Pfeiffer, J., and J. Dale Youngs, Sp.J.**

Graham Kersting filed a petition in the Circuit Court of Boone County to have his name

removed from Missouri's sexual offender registry. Kersting's petition alleged that the crime to

which he had previously pled guilty did not subject him to the registration requirement. The

circuit court agreed, and removed Kersting from the registry. The Superintendent of the

Missouri State Highway Patrol, one of the respondents named in Kersting's petition, appeals.

We affirm.

## Factual Background

On March 24, 2004, Kersting pled guilty in the Circuit Court of Boone County to

unlawful use of a weapon and felonious restraint. The charges stemmed from an incident in

which Kersting, then eighteen years old, drove a knife into a door behind which his fifteen-year-

old brother was hiding. Kersting was intoxicated at the time. There was no allegation that Kersting's offense was sexual in nature.

Two years later, Kersting was advised that he was required to register as a sexual offender, even though there was no sexual component to the offenses of which he had been convicted. Kersting was told he had to register because he had pled guilty to "felonious restraint when the victim was a child" within the meaning of § 589.400.1(2),[1] and was therefore subject to the statutory registration requirement. Kersting has registered as a sexual offender since that time.

On March 4, 2015, Kersting filed a petition under § 589.400.8 to have his name removed from the sexual offender registry.[2] Following an evidentiary hearing at which Kersting and his mother testified, the circuit court ordered Kersting's removal from the registry. The court held that § 589.400.1(2)'s reference to "felonious restraint when the victim was a child" should be interpreted to mean a "child under the age of 14." Because Kersting's brother was fifteen when Kersting feloniously restrained him, the court concluded that Kersting's crime did not involve a "victim [who] was a child," and therefore did not trigger the statutory registration requirement.

The Superintendent of the Missouri State Highway Patrol (the "State") now appeals.[3]

---

[1] Unless otherwise indicated, statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as supplemented.

[2] Kersting's petition named Colonel Ron Replogle, then the Superintendent of the Highway Patrol, as a respondent. Colonel Replogle retired from the Highway Patrol effective May 1, 2015, and was succeeded as Superintendent by Colonel J. Bret Johnson. Kersting's petition also named as respondents Boone County Sheriff Dwayne Carey, and Boone County Prosecuting Attorney Dan Knight.

[3] At the hearing on Kersting's petition, the Prosecuting Attorney's office agreed with Kersting that he was not subject to sexual offender registration. The Sheriff did not appear. Neither the Sheriff nor the Prosecuting Attorney have participated in this appeal.

2

**Discussion**

The State argues that the circuit court erred in concluding that Kersting was not required to register as a sexual offender. According to the State, "'child' is defined throughout the Revised Statutes of Missouri as being under seventeen," and the circuit court therefore erred in interpreting the word "child" in § 589.400.1(2) to refer only to persons less than fourteen years old. Because Kersting's victim was fifteen at the time of his offense, the State contends that he is subject to the statutory registration requirement.

Although the trial court conducted an evidentiary hearing before issuing its judgment, the only issue on appeal concerns the proper interpretation of § 589.400.1(2). "Statutory interpretation is an issue of law that this Court reviews *de novo*." *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 614 (Mo. banc 2016) (citation and internal quotation marks omitted).

> The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language. This Court must presume every word, sentence or clause in a statute has effect, and the legislature did not insert superfluous language. When the words are clear, there is nothing to construe beyond applying the plain meaning of the law. A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result.

*Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013) (citations and internal quotation marks omitted). "In determining the meaning of a word in a statute, the Court will not look at any one portion of the statute in isolation. Rather, it will look at the word's usage in the context of the entire statute to determine its plain meaning." *Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 122 (Mo. banc 2014) (citations omitted).

> A statute is ambiguous when its plain language does not answer the current dispute as to its meaning. Ambiguities in statutes are resolved by determining the intent of the legislature and by giving effect to its intent if possible. When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions. Rules of statutory construction are used to resolve

any ambiguities if the legislative intent is undeterminable from the plain meaning of the statutory language.

*BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012).

Section 589.400.1 identifies the persons subject to sexual offender registration. It provides in relevant part:

> 1. Sections 589.400 to 589.425 shall apply to:
>
> (1) Any person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty or nolo contendere to committing, attempting to commit, or conspiring to commit a felony offense of chapter 566, including sexual trafficking of a child and sexual trafficking of a child under the age of twelve, or any offense of chapter 566 where the victim is a minor, unless such person is exempted from registering under subsection 8 of this section; or
>
> (2) Any person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty or nolo contendere to committing, attempting to commit, or conspiring to commit one or more of the following offenses: kidnapping when the victim was a child and the defendant was not a parent or guardian of the child; abuse of a child under section 568.060 when such abuse is sexual in nature; *felonious restraint when the victim was a child and the defendant is not a parent or guardian of the child*; sexual contact or sexual intercourse with a resident of a nursing home, under section 565.200; endangering the welfare of a child under section 568.045 when the endangerment is sexual in nature; genital mutilation of a female child, under section 568.065; promoting prostitution in the first degree; promoting prostitution in the second degree; promoting prostitution in the third degree; sexual exploitation of a minor; promoting child pornography in the first degree; promoting child pornography in the second degree; possession of child pornography; furnishing pornographic material to minors; public display of explicit sexual material; coercing acceptance of obscene material; promoting obscenity in the first degree; promoting pornography for minors or obscenity in the second degree; incest; use of a child in a sexual performance; or promoting sexual performance by a child[.]

(Emphasis added.)

Although § 589.400.1 distinguishes between a "child" and a "minor," the word "child" is not defined for purposes of the statute.

"Child" is also not defined in the statute criminalizing felonious restraint, under which Kersting pled guilty. Instead, § 565.120.1 provides that "[a] person commits the crime of

4

felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury"; § 565.120.2 classifies the offense as a class C felony. Section 565.120 does not distinguish between "child" and "adult" victims.

While "child" is not defined for purposes of either §§ 565.120 or 589.400, the context in which the statutes appear contains multiple, persuasive indications that the legislature used the word "child" to refer to a person less than fourteen years of age. For example, § 565.120.1 provides that, to constitute felonious restraint, the victim must be restrained "without consent." Section 565.100.3(1) provides that, for purposes of §§ 565.110 through 565.130, "[a] person is deemed incapable of consent if he is . . . [l]ess than fourteen years old . . . ." The statutory section immediately preceding the felonious restraint statute – § 565.115 – defines the crime of "child kidnapping" as involving the removal or confinement of "a child under the age of fourteen."

Similarly, the sexual offender registration statutes distinguish crimes committed against persons less than fourteen years of age. Section 589.425 specifies the punishments for those who fail to comply with the statutory registration requirements. Section 589.425.1 provides, in part, that "[f]ailing to register as a sex offender is a class D felony unless the person is required to register based on having committed . . . a felony involving a child under the age of fourteen, in which case it is a class C felony."

It is also significant that several of the offenses listed in § 589.400.1 appear in chapter 573 of the Revised Statutes, which addresses pornography and related offenses. For purposes of chapter 573, "child" means "any person under the age of fourteen," while a "minor" is defined as "any person under the age of eighteen." §§ 573.010(1), (10).

Kersting also cites § 491.075, which establishes the admissibility of a child's out-of-court statements in the prosecution of certain criminal offenses (including many of the offenses which trigger sexual offender registration requirements). Section 491.075.1 provides that "[a] statement made by a child under the age of fourteen . . . relating to an offense under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if" the court finds the statement to be reliable, and the child-declarant either testifies at trial, or is unavailable to testify.

Thus, the statutes read as a whole provide strong indications that the term "child," as used in § 589.400.1 with respect to felonious restraint convictions, was intended to refer to persons under the age of fourteen. On the other hand, the State cites to other offenses listed in § 589.400.1, which contemplate that a "child" may be *older* than fourteen. Thus, the State cites: §§ 568.045 and 568.050, defining endangering the welfare of a child ("a child [or person] less than seventeen years of age"); § 568.060.2, defining abuse or neglect of a child ("a child who is less than eighteen years of age"); § 568.065.1, defining genital mutilation of a female child ("a female child less than seventeen years of age"); § 568.080.1, defining use of a child in a sexual performance ("a child less than seventeen years of age"); and § 568.090.1, defining promoting a sexual performance ("a child less than seventeen years of age"). The State also points to a variety of other statutes which define a "child" as an unemancipated person under the age of seventeen, or under eighteen. *See* §§ 210.201(1), 211.021.1(2), 219.011.1(3), 455.010(3), 491.678.

The State points out that many of the statutes cited by Kersting or the trial court refer to "a *child* under the age of fourteen." The State argues that this phrasing indicates that the statutes

6

are intended to distinguish between two classes of children: those under the age of fourteen, and those above that age.[4]

Even if we were to credit the State's arguments, however, they would establish only that the term "child" is defined in Missouri statutes in multiple, different ways. At best, the State's arguments would prove nothing more than that the term "child" is ambiguous, because it is reasonably susceptible of different meanings. In the absence of any other means to resolve the ambiguity, we would be required to apply the rule of lenity, which "requires that we construe ambiguities in penal statutes against the government 'and in favor of persons on whom such penalties are sought to be imposed.'" *City of Kansas City v. Tyson*, 169 S.W.3d 927, 929 (Mo. App. W.D. 2005) (quoting *J.S. v. Beaird,* 28 S.W.3d 875, 877 (Mo. banc 2000)). Although "[t]raditionally, this rule applies to statutes defining criminal behavior and providing for sentencing[,] [t]he rule . . . is applicable where violation of a civil statute has penal consequences." *United Pharmacal Co. of Mo., Inc. v. Mo. Bd. of Pharmacy*, 208 S.W.3d 907, 913 (Mo. banc 2006).

In *J.S. v. Beaird*, 28 S.W.3d 875, the Missouri Supreme Court applied the rule of lenity to resolve ambiguities in § 589.400. *J.S. v. Beaird* involved an offender who was residing in Jackson County at the time § 589.400 was enacted, and who continuously remained a Jackson County resident thereafter. The question on appeal was whether the offender was subject to

---

[4] The State also cites to a statutory amendment due to take effect in 2017, which defines a "child" as "a person under seventeen years of age" for purposes of chapter 565. See § 565.002(2) (effective Jan. 1, 2017). While the Missouri Supreme Court has indicated that it may be appropriate to look to "acts passed at subsequent legislative sessions" in interpreting a statute, *State v. Liberty*, 370 S.W.3d 537, 552 (Mo. banc 2012), a later enactment may have the effect of changing, rather than simply clarifying, existing law. *See Webster Cnty. Abstract Co. v. Atkison*, 328 S.W.3d 434, 443 (Mo. App. S.D. 2010), citing *Andresen v. Bd. of Regents of Mo. W. State College*, 58 S.W.3d 581, 589 (Mo. App. W.D. 2001). Given the various definitions of a "child" which appear throughout Missouri's statutes, we cannot read the 2017 version of § 565.002(2) as confirming an (unstated) definition which existed prior to that time.

§ 589.400.2, RSMo Supp. 1999, which required registration by an offender "within ten days of *coming into* any county." (Emphasis added.) Examining the statute as a whole, the Supreme Court interpreted the provision to mean "that only a person coming into a county *to establish residence* must register with the sheriff." *Id.* at 877 (emphasis added). The Court then continued:

> This contextual reading is reinforced by the rule of lenity, that is, that ambiguity in a penal statute will be construed against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. While the requirement of registration is not necessarily punitive, sections 589.400 to 589.425 penalize a failure to register as a class A misdemeanor and subsequent offenses as a class D felony. Thus, under the rule of lenity, the statute should be construed so that J.S., who has resided in Jackson County since the law came into effect, is not required to register.

*Id.* (citation omitted).

The State argues that the discussion of the rule of lenity in *J.S. v. Beaird* is *obiter dictum*, and that we need not follow it. We disagree. Although *J.S. v. Beaird* held that a "contextual reading" of the challenged statutory phrase favored the offender, it *also* held that a ruling for the offender was required by the rule of lenity. The Court's discussion of the rule of lenity may have been an alternative basis for its holding, and technically unnecessary; nevertheless, *J.S. v. Beaird* made an authoritative statement that the rule of lenity applies to the interpretation of § 589.400, which we are bound to follow. *See Self v. Midwest Orthopedics Foot & Ankle, P.C.*, 272 S.W.3d 364, 367 (Mo. App. W.D. 2008).

The State also argues that the discussion of the rule of lenity in *J.S. v. Beaird* has been overruled by later Supreme Court decisions. Those later decisions have held that the sexual offender registration statutes are not subject to constitutional prohibitions on *ex post facto* laws, and may be applied to persons convicted prior to the enactment of the registration statutes, because the registration statutes are "civil and not punitive." *Roe v. Replogle*, 408 S.W.3d 759,

767 (Mo. banc 2013); *see also Doe v. Phillips*, 194 S.W.3d 833, 842 (Mo. banc 2006); *R.W. v. Sanders*, 168 S.W.3d 65, 69-70 (Mo. banc 2005). We see no necessary inconsistency between *J.S. v. Beaird* and the later *ex post facto* decisions, however. *J.S. v. Beaird* itself recognized that the sexual offender registration statutes were "not necessarily punitive." 28 S.W.3d at 877. The Court nevertheless held that, because failure to comply with the statutes can have penal consequences, ambiguities in the statutes should be interpreted in favor of the offender. Although the Supreme Court later held that the registration statutes could be applied to pre-enactment convictions without violating *ex post facto* principles, the Court acknowledged that "the registration statutes have both punitive and regulatory attributes." *R.W.*, 168 S.W.3d at 70.

Whether to apply a strict or liberal construction to the registration statutes (the question presented by this appeal) is a different issue than whether the statutes can constitutionally be applied to pre-enactment criminal convictions (the question addressed in the *ex post facto* cases). Without a more explicit statement by the Supreme Court that it intended to overrule *J.S. v. Beaird*'s discussion of the rule of lenity, we will not read the later cases addressing *ex post facto* issues as having that effect.

The State argues that § 589.400 should be liberally, not strictly, construed, because "[t]he purpose of the sexual offender registry is to protect children against predation by at-large sex offenders." Therefore (according to the State) any statutory ambiguity "should be construed to expand the age range of 'child,' not contract it." *J.S. v. Beaird* recognized that "[t]he obvious legislative intent for enacting section 589.400 was to protect children from violence at the hands of sex offenders." 28 S.W.3d at 876. Despite this acknowledgement, the Court nonetheless held that the rule of lenity should apply to resolve ambiguities in the statute.[5]

---

[5] We also note that Kersting was *not* convicted of an offense having any sexual component. The State's argument that we should broadly interpret the word "child" "to protect children

9

At a minimum, reading the word "child" in § 589.400.1 to refer to persons under the age of fourteen is a plausible, reasonable interpretation of the term – even if other interpretations are equally reasonable. The rule of lenity requires that we adopt the reading of the word "child" most favorable to Kersting. Therefore, even if we concluded that the statutes as a whole left the question unresolved, we would nevertheless conclude that the word "child" in section 589.400.1, as it relates to convictions for felonious restraint, must be read to mean a person under the age of fourteen. Under that construction, Kersting's felonious restraint conviction did not trigger the registration requirement, because his victim was fifteen years old at the time of the offense.

## Conclusion

The circuit court's judgment is affirmed.

_____
Alok Ahuja, Chief Judge

All concur.

---

against predation by at-large sex offenders" therefore seems misdirected. Felonious restraint is one of the only offenses listed in § 589.400.1(2) which does not include a sexual element. Notably, with respect to abuse of a child and endangering the welfare of a child, the statute specifies that registration is only required if the offenses are "sexual in nature." The facts of this case suggest that it may be appropriate to limit the registration requirement in the same way for those convicted of felonious restraint. That is a matter for the legislature, however, not for this Court.