IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
J.B., )
 )
 Appellant, )
 )
v. ) WD84010
 )
PAUL C. VESCOVO, III, ET AL., ) Opinion filed: August 31, 2021
 )
 )
 Respondents. )

 APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
 THE HONORABLE K. ELIZABETH DAVIS, JUDGE

 Division Three: Edward R. Ardini, Jr., Presiding Judge,
 Mark D. Pfeiffer, Judge and W. Douglas Thomson, Judge

 J.B. appeals the trial court’s judgment denying his petition for removal from

the Missouri sex offender registry. On appeal, J.B. contends the trial court erred in

determining J.B. was adjudicated for a tier III sexual offense because he pled guilty

to a non-registerable, class A misdemeanor offense in 1997, and designating him as

a tier III offender would lead to an illogical result and a contradiction of the legislative

intent behind the removal process. We affirm.
 Factual and Procedural History

 In 1997, J.B. was charged with sexual abuse in the second degree alleging that

he subjected the alleged victim, to whom he was not married and who was less than

twelve to thirteen, to sexual contact. J.B. pled guilty to the amended misdemeanor

charge of attempted endangering the welfare of a child in the first degree pursuant

to a plea agreement and received a suspended imposition of sentence with a probation

term of two years. Although not initially required to register with the sex offender

registry, due to a statutory change he was later required to do so. In 2014, J.B.

learned of the statutory change requiring him to register and did so. Shortly

thereafter, J.B. filed a petition for declaratory judgment seeking his removal from the

sex offender registry. After a bench trial, the trial court determined that J.B. pled

guilty to a registerable offense and denied his request to be removed from said

registry.1 The trial court’s determination was affirmed in Doe v. Belmar, 564 S.W.3d

415 (Mo. App. E.D. 2018).

 Missouri’s Sex Offender Registration Act (“SORA”), section 589.400 et seq.,

effective January 1, 1995, originally imposed lifetime registration requirements for

qualifying offenses with limited exceptions. Dixon v. Missouri State Highway Patrol,

583 S.W.3d 521, 525 (Mo. App. W.D. 2019). In 2018, the General Assembly amended

 1
 Notably, the trial court’s judgment in that decision provided additional information about
the underlying offense from the victim’s testimony, including that the victim, a thirteen-year-old
female attending a church camp was ordered by J.B., who was serving in a leadership role as a
pastor at the camp, to take off all of her clothes in front of him. J.B. lifted her breasts and touched
her vagina. J.B. told the victim that if she told anyone her mother would be disappointed and she
would get in trouble. “[W]e are permitted ‘to take judicial notice of our own records and may take
judicial notice of the records of other cases when justice so requires.’” Muhammad v. State, 579
S.W.3d 291, 293 n.4 (Mo. App. W.D. 2019).

 2
SORA and “for the first time divided sexual offenders into three ‘tiers,’ based on the

severity of the offenses of which they were convicted.” Id.; section 589.414.2 “The

2018 amendments specified that only offenders in the highest tier—tier III—would

be subject to a lifetime registration obligation.” Id. Sexual offenders in tiers I and II

are eligible to petition for removal from the registry after fifteen and twenty-five

years, respectively. Section 589.400.4. Section 589.414.7(2)(d) provides that a person

adjudicated for the crime of endangering the welfare of a child in the first degree

under section 568.045, if the offense is sexual in nature,3 is a tier III offender,

requiring registration for life.

 On January 14, 2020, J.B. filed his petition for removal from the Missouri sex

offender registry (“Petition”) pursuant to section 589.401 alleging his designation as

a tier III offender is incorrect because (1) the original charged offense of felony sexual

abuse in the second degree, is classified as a tier I offense, and (2) he pled guilty to a

misdemeanor offense of attempted endangering the welfare of a child in the first

degree and the tier III classification contains no other misdemeanor offenses. J.B.

asserted his proper tier classification is tier I because his original charge is listed as

such, and the charge to which he pled guilty is a misdemeanor.

 After an evidentiary hearing, the trial court entered its judgment (“Judgment”)

denying the Petition and made the following findings of fact and conclusions of law:

 2All statutory references are to RSMo 2016, as updated by supplement unless otherwise

indicated.
 3The underlying offense was previously determined to be sexual in nature, thus requiring

J.B. to register as a sex offender. See generally, Doe, 564 S.W.3d at 421.

 3
 1. On March 27, 1997, in the Circuit Court of Clay County, Missouri, [J.B.]
 was adjudicated for the criminal offense of attempted endangering the
 welfare of a child in the first degree pursuant to section 568.045 . . .in
 that [J.B.] attempted to act in a manner that created a substantial risk
 to the body and health of [Victim] ‘by having her disrobe in front of [J.B.]’

 2. Section 589.414 . . . provides, ‘Tier III sexual offenders include . . . [a]ny
 offender who has been adjudicated for the crime of . . . [e]ndangering the
 welfare of a child in the first degree under section 568.045 if the offense
 is sexual in nature[.]’ Section 589.414.7(2)(d), RSMo Supp 2018.

 3. Section 589.40[4]4 . . . provides:
 As used in section 589.400 and 589.425, the following terms mean:
 ‘Adjudicated’ or ‘adjudication’ . . . a finding of guilt, plea of guilt . . . to
 committing, attempting to commit[.]

 4. Therefore, [J.B.] was adjudicated for a Tier III sexual offense because
 the offense was sexual in nature[.]

 5. As a result, [J.B.] is required to register as a sex offender for his lifetime
 pursuant to section 589.401.4[.]

 6. Neither the classification of the original offense with which [J.B.] was
 charged nor the fact that the offense for which [J.B.] was adjudicated is
 a misdemeanor affects the classification of [J.B.’s] offense as a Tier III
 sexual offense.

 J.B. appeals.

 Standard of Review

 “‘An appellate court will reverse a judgment of a trial court when it is not

supported by substantial evidence, is against the weight of the evidence, or

erroneously declares or applies the law.’” Dixon, 583 S.W.3d at 523 (citation omitted).

“‘Questions of statutory interpretation are reviewed de novo.’” Id. (citation omitted).

 4
 At oral argument, J.B.’s counsel conceded the Judgment contained a typographical error when it referred
to section 589.400 instead of section 589.404.
 4
“‘Any time a court is called upon to apply a statute, the primary obligation is to

ascertain the intent of the legislature from the language used, to give effect to that

intent if possible, and to consider the words in their plain and ordinary meaning.’”

Id. at 523-24 (citation omitted).

 Analysis

 In his sole point on appeal, J.B. asserts that the trial court erred in determining

J.B. was adjudicated for a tier III sexual offense because he pled guilty to a non-

registerable, class A misdemeanor offense and designating him as a tier III offender

would lead to an illogical result and a contradiction of the legislative intent behind

the removal process. J.B. does not challenge the registration requirement itself,

which has clearly been determined. Doe, 564 S.W.3d at 421. His pending challenge

is solely to his status as a tier III offender.

 The primary rule of statutory interpretation is to effectuate legislative
 intent through reference to the plain and ordinary meaning of the
 statutory language. This Court must presume every word, sentence or
 clause in a statute has effect, and the legislature did not insert
 superfluous language. When the words are clear, there is nothing to
 construe beyond applying the plain meaning of the law. A court will look
 beyond the plain meaning of the statute only when the language is
 ambiguous or would lead to an absurd or illogical result.

Kersting v. Replogle, 492 S.W.3d 600, 602 (Mo. App. W.D. 2016) (quoting Bateman v.

Rinehart, 391 S.W.3d 441, 446 (Mo. banc 2013)). “‘A statute is ambiguous when its

plain language does not answer the current dispute as to its meaning.’” Id. at 603

(citation omitted).

 We first turn to J.B.’s argument that SORA is a penal statute such that the

Rule of Lenity requires ambiguities within SORA be resolved against the
 5
government. “The Rule of Lenity mandates that ‘ambiguity in a penal statute will be

construed against the government or party seeking to exact statutory penalties and

in favor of persons on whom such penalties are sought to be imposed.’” Selig v.

Russell, 604 S.W.3d 817, 825 (Mo. App. W.D. 2020) (quoting J.S. v. Beaird, 28 S.W.3d

875, 877 (Mo. banc 2000)). The Rule of Lenity “‘applies to interpretation of statutes

only if, after seizing everything from which aid can be derived, the court can make no

more than a guess as to what the legislature intended.’” Selig, 604 S.W.3d at 825

(quoting State v. Liberty, 370 S.W.3d 537, 547 (Mo. banc 2012)). Thus, in order to

determine whether to apply the Rule of Lenity, we must first determine whether

there is an ambiguity within the statutes under review such that we are unclear as

to the legislative intent. Here, we find the words of the applicable statutes clear and

free of ambiguity, thereby rendering the Rule of Lenity inapplicable.

 Section 589.414.5-7 address the specific tiers within which an offender is

classified based upon which offense the offender has been adjudicated. Each

subsection, in precisely the same language, states “[t]ier [either I, II, or III] sexual

offenders include: Any offender who has been adjudicated for the offense of,” after

which the included sexual offenses are listed. The “offense of” endangering the

welfare of a child in the first degree under section 568.045 is a tier III offense if the

offense is sexual in nature. Section 589.414.7(2)(d).

 Key to analyzing section 589.414.7 is the definition of “adjudicated”, which is

found at section 589.404(1), and states: As used in sections 589.400 to 589.425, the

following terms mean: (1) “Adjudicated” or “adjudication”, adjudication of

 6
delinquency, a finding of guilt [or] plea of guilty, . . ., to committing, attempting to

commit, or conspiring to commit[.] Thus, were we to replace the defined word

“adjudicated” with its statutory definition, we may read section 589.414.7(2)(d) as

follows, “[t]ier III sexual offenders include . . . (2) [a]ny offender who has [pled guilty]

to [committing, attempting to commit, or conspiring to commit] the offense of . . . (d)

[e]ndangering the welfare of a child in the first degree under section 568.045 if the

offense is sexual in nature. Here, J.B. pled guilty to the offense of attempted

endangering the welfare of a child in the first degree. Clearly then, J.B. was

adjudicated, as that term is defined in section 589.404 and as used in section 589.414,

of endangering the welfare of a child in the first degree because he pled guilty to

attempting to commit such offense. Thus, it is equally clear that J.B. is a tier III

sexual offender. Because section 589.414 is clear and free of ambiguity, the Rule of

Lenity is not applicable.

 This analysis also addresses J.B.’s argument that the trial court erred in

finding him a tier III offender because his plea of guilty was to a misdemeanor that

did not require registration at the time. As determined above, it is clear the

legislature intended to designate his offense as a tier III offense, regardless of its

status as a misdemeanor. Section 589.414.7(2)(d). This claim has no merit. Kersting,

492 S.W.3d at 602.

 J.B. makes a series of conclusory arguments that placing him in tier III would

lead to an illogical result and a contradiction of legislative intent, including: SORA

should be considered a redemptive statute, and therefore remedial in nature and

 7
liberally construed; the legislature simply could not have intended to treat those

convicted of a misdemeanor more severely than those convicted of offenses J.B.

believes to be more serious, and; that it is illogical that he entered into a plea

agreement and pled guilty in 1997 to an ‘attempt’ misdemeanor to avoid sex offender

registration, but he is now subject to lifetime registration. All of J.B.’s arguments

seek to compel this court to construe the statutes in such a way that J.B. is not placed

in tier III. This we cannot do as the statutes are clear and unambiguous. Where, as

here, “the words are clear, there is nothing to construe beyond applying the plain

meaning of the law.” Id. J.B.’s arguments fail to demonstrate any ambiguity in the

referenced statutes. Rather, they are policy arguments which should be made, if

anywhere, to the legislature. Furthermore, while J.B. attacks his placement in tier

III, he fails to provide any reasonable basis on which he could conceivably be placed

in tier I or tier II.

 The trial court did not err in classifying J.B. as a tier III sex offender and

denying his Petition. Point is denied.

 Conclusion

 The trial court’s judgment is affirmed.

 __________________________________________
 W. DOUGLAS THOMSON, JUDGE
All concur.

 8