CITIZENS AGAINST REZONING, INC., Appellant,

v.

ST. LOUIS COUNTY et al., Respondents.

No. 39133.

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 28, 1978.

Richard J. Fredrick, Anderson, Fredrick, Preuss & Zwibelman, Clayton, for appellant.

Thomas W. Wehrle, James H. White, Morton I. Golder, Clayton, Thomas C. Walsh, St. Louis, Michael G. Biggers, Albert A. Michenfelder, Jr., Clayton, for respondents.

STEWART, Presiding Judge.

Plaintiff, a not-for-profit corporation filed a petition for declaratory judgment seeking to have an ordinance of St. Louis County declared invalid. The ordinance questioned was an amendment to the St. Louis County Zoning Ordinance, changing the classification of a substantial tract of land from a residential district to a planned commercial district. The defendants filed a joint motion for summary judgment which was sustained by the trial court. We affirm.

The threshold question of plaintiff's standing to bring the action is dispositive of the cause. A detailed discussion of the contents of the petition is not necessary for our consideration of the case.

The allegations of the petition determinative of the issue read:

"1. That plaintiff is a Not for Profit Missouri Corporation organized and existing under the laws of the State of Missouri.

"2. That all of the members of the plaintiff corporation are residents of the State of Missouri, County of St. Louis.

"3. That all of the members of plaintiff corporation are residents and homeowners of the area adjoining Highway 270 and Olive Street Road, in the County of St. Louis, the area rezoned by the County Council by Ordinance No. 7984 and all have interests adverse to and substantially affected by the passage of said ordinance."

Before a person may bring a declaratory action to attack the validity of a statute or ordinance he must have a legally protectable interest. § 527.020, Rule 87.-02(a). The not-for-profit corporation is a legal entity separate and apart from the persons who are members of the corporation. In order for the corporation to have standing to bring an action attacking the validity of the ordinance the corporation itself must have a legally protectable interest. The interests of the individual members of the corporation can not give standing to the corporation. *Lindenwood Improvement Association v. Lawrence,* 278 S.W.2d 30 (Mo.App.1955).

The petition does not allege facts from which it can be said that the plaintiff in this case has a legally protectable interest. Plaintiff has no standing to bring the action. The judgment of the trial court is affirmed.

DOWD and REINHARD, JJ., concur.