

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| AARON M. MALIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD83322 |
| | ) | |
| MISSOURI ASSOCIATION OF | ) | Opinion filed: July 21, 2020 |
| COMMUNITY TASK FORCES, d/b/a | ) | |
| ACT MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
### THE HONORABLE PATRICIA S. JOYCE, JUDGE

Division One:  Thomas H. Newton, Presiding Judge,
Mark D. Pfeiffer, Judge and Edward R. Ardini, Jr., Judge

Aaron Malin ("Malin") brought suit in the Circuit Court of Cole County against the

Missouri Association of Community Task Forces ("ACT Missouri") for violation of the Missouri

Sunshine Law. The trial court granted summary judgment in favor of ACT Missouri after denying

Malin's request made pursuant to Rule 74.04(f) to defer ruling on the motion for summary

judgment to permit him to conduct discovery. We reverse and remand.

**Factual and Procedural Background**

On January 9, 2018, Malin submitted a written request to ACT Missouri under the Missouri Sunshine Law, chapter 610,[1] seeking "[a]ny and all documents relating to funding acquired from the Missouri Department of Mental Health" for fiscal years 2016 and 2017. ACT Missouri is a not-for-profit corporation organized in Missouri under chapter 355, and has entered into contracts with government agencies, including the Missouri Department of Mental Health, the Division of Alcohol and Drug Abuse, the Missouri Department of Transportation, and the United States Department of Health and Human Services.

Three days after receiving Malin's request for records, ACT Missouri responded, stating, "[w]e have received your previous requests for records and have responded to each request. To restate with respect to each and every request you have made, since ACT Missouri is not a covered entity under Chapter 610, and more specifically Section 610.010(4), there is no further response required."

On January 23, 2018, Malin filed suit in the Circuit Court of Cole County, seeking the requested records, civil penalties, and attorney's fees. Three months after the petition was filed, and prior to any discovery being conducted in the case, ACT Missouri filed a motion for summary judgment arguing that it was not a "quasi-public governmental body" as that term is defined in section 610.010(4)(f), and thus not subject to the Missouri Sunshine Law. Malin filed an affidavit under Rule 74.04(f)[2] requesting the trial court defer any ruling on the motion for summary

---

[1] Statutory citations are to the Missouri Revised Statutes, updated through the 2017 supplement.

[2] Rule references are to the Missouri Supreme Court Rules, updated through 2017.

Rule 74.04(f) states: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that for reasons stated in the affidavits facts essential to justify opposition to the motion cannot be presented in the affidavits, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

judgment arguing that some discovery was necessary in order to respond to the motion for summary judgment and offering that "discovery is likely to demonstrate a factual dispute about whether [ACT Missouri] is a quasi-public governmental body." The affidavit averred that interrogatories and requests for production of documents had been served on ACT Missouri and that Malin anticipated taking one or more depositions "depending on the responses to [Malin's] written discovery[.]" Approximately two weeks later, Malin provided notice to take the deposition of a corporate representative of ACT Missouri. ACT Missouri opposed the Rule 74.04(f) affidavit and moved to quash the deposition notice. As it related to the issue of whether ACT Missouri met the definition of being a quasi-public governmental body, ACT Missouri argued, and continues to argue in this appeal, that "as a matter of law, ACT Missouri's primary purpose is found in its Articles of Incorporation for the purpose of determining whether it is a quasi-public governmental body under Section 610.010(4)(f)(a)[.]" The trial court denied Malin's Rule 74.04(f) request, quashed the deposition notice of the corporate representative and ordered that no further discovery would be permitted.

While ACT Missouri's motion for summary judgment was still pending, Malin filed his own motion for summary judgment, relying, in part, on discovery he had received during a 2015 lawsuit against ACT Missouri in which he had sought similar records.[3] The trial court granted summary judgment in favor of ACT Missouri. Malin appeals.

**Standard of Review**

Malin's first two points allege error relating to the trial court's grant of summary judgment in favor of ACT Missouri. We review such claims *de novo*. *SNL Securities, L.C. v. Nat'l Ass'n of*

---

[3] Malin sued ACT Missouri in the Circuit Court of Cole County for its refusal to provide records in 2015. In that litigation, the trial court initially found that ACT Missouri was a quasi-public governmental body. However, the trial court later amended the judgment finding it was unnecessary to decide that issue based on its determination that the records Malin had requested were not created or retained by ACT Missouri.

*Ins. Com'rs*, 23 S.W.3d 734, 735 (Mo. App. W.D. 2000) (citation omitted). We view the record in the light most favorable to the non-moving party and "accord [the non-moving party] all reasonable inferences that may be drawn from the record." *Id*. (citing *Dunagan By and Through Dunagan v. Shalom Geriatric Ctr.*, 967 S.W.2d 285, 287 (Mo. App. W.D. 1998)). Summary judgment is only appropriate "if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Id*. at 735-36 (citing *Dunagan*, 967 S.W.2d at 287).

In his third point, Malin argues that the trial court erred by denying his Rule 74.04(f) request to defer ruling on ACT Missouri's motion for summary judgment so that he might conduct discovery on issues essential to his opposition to that motion. "'The trial court has discretion to grant or deny additional time to conduct discovery before ruling on a pending summary judgment motion.'" *Matysyuk v. Pantyukhin*, 595 S.W.3d 543, 547 (Mo. App. W.D. 2020) (quoting *Brooks v. City of Sugar Creek*, 340 S.W.3d 201, 209 (Mo. App. W.D. 2011)). "'A trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" *Id*. (quoting *Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017)).

**Discussion**

Points I and II of Malin's appeal relate to the central issue of this case – Is ACT Missouri a "quasi-public governmental body" under section 610.010(4)(f) of the Missouri Sunshine Law? The Sunshine Law provides that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies shall be open to the public unless otherwise provided by law." § 610.011.1. In turn, a public governmental body is defined, in relevant part, as "any legislative, administrative or governmental entity created by the Constitution

or statutes of this state, by order or ordinance of any political subdivision or district, judicial entities when operating in an administrative capacity, or by executive order, including: . . . [a]ny quasi-public governmental body." § 610.010(4)(f). A definition for "quasi-public governmental body" is also provided:

> The term "quasi-public governmental body" means any person, corporation or partnership organized or authorized to do business in this state pursuant to the provisions of chapter 352, 353, or 355, or unincorporated association which either:
>
> a. Has its primary purpose to enter into contracts with public governmental bodies, or to engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies; or
>
> b. Performs a public function as evidenced by a statutorily based capacity to confer or otherwise advance, through approval, recommendation or other means, the allocation or issuance of tax credits, tax abatement, public debt, tax-exempt debt, rights of eminent domain, or the contracting of leaseback agreements on structures whose annualized payments commit public tax revenues; or any association that directly accepts the appropriation of money from a public governmental body, but only to the extent that a meeting, record, or vote relates to such appropriation[.]

§ 610.010(4)(f)(a) & (b), RSMo. We address Malin's points out of order for ease of discussion.

## Point II

In Malin's second point, he alleges the trial court erred in granting summary judgment in favor of ACT Missouri arguing that ACT Missouri is a quasi-public governmental body based on being an "association that directly accepts the appropriation of money from a pubic governmental body[.]" *See* §610.010(4)(f)(b). Because we find that ACT Missouri is not an "association" as the term is used in section 610.010(4)(f)(b), Malin's argument must fail.

"'The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning.'" *State Conf. of Nat'l Ass'n for Advancement of Colored People v. State*, 563 S.W.3d 138, 150 (Mo. App. W.D. 2018) (quoting *Dieser v. St. Anthony's Med.*

5

*Ctr.*, 498 S.W.3d 419, 430 (Mo. banc 2016)). "If the statutory language is unambiguous, we 'must give effect to the legislature's chosen language.'" *Id.* (quoting *Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 461 (Mo. banc 2013). "We presume every word, sentence, or clause in a statute has effect, and the legislature did not insert superfluous language." *Id.* (citing *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 809 (Mo. banc 2017)).

The crux of Malin's argument is that we should view the term "association" in isolation and assign to it a broad definition that would capture corporate entities organized under chapter 355, RSMo, such as ACT Missouri.[4] However, Malin's effort to define "association" in a vacuum is misplaced. Rather, the term "association" must be examined in the context of the entirety of section 610.010(4)(f). *See In re KCP & L Greater Missouri Operations Co.,* 408 S.W.3d 175, 186 (Mo. App. W.D. 2013) ("When determining the meaning of statutory language, the whole act must be taken into consideration, and the words of one section or statute must be read in the context of other statutes on the same subject as well as with cognate sections."). *See also Kersting v. Replogle*, 492 S.W.3d 600, 602 (Mo. App. W.D. 2016) (stating that a statute is not to be read in isolation but must be read in context of the entire statute). Section 610.010(4)(f) defines the universe of entities that qualify as a quasi-public governmental body and is limited to "any person, corporation or partnership organized or authorized to do business in this state pursuant to the provisions of chapter 352, 353, or 355, or unincorporated association[.]" § 610.010(4)(f). ACT Missouri was organized under chapter 355, RSMo, and thus satisfies this prong.

---

[4] In his briefing, Malin provides this Court with various dictionary definitions for the word "association." For instance, Malin notes that the Oxford English Dictionary defines "association" as "[a] body of persons who have combined to execute a common purpose or to advance a common cause." While we need not engage in a protracted analysis of the application of such a definition in this context, we do express considerable doubt that a corporate entity organized under chapter 355, could properly be considered a "body of persons." *See* § 355.181.2 (stating that a not-for-profit is not required to have members); s*ee also Citizens Against Rezoning, Inc. v. St. Louis Cty.*, 563 S.W.2d 172, 173 (Mo. App. 1978) (stating that a "not-for-profit corporation is a legal entity separate and apart from the persons who are members of the corporation.").

We next turn to the categories embodied in sections 610.010(4)(f)(a) & (b). As to Point II, we are particularly focused on the language "any association that directly accepts the appropriation of money from a public governmental body" found in section 610.010(4)(f)(b). In reviewing sections 610.010(4)(f)(a) & (b), we note the general absence of any language restricting application of those provisions to only certain types of entities. Indeed, a close examination of those provisions reveals that each described category applies to the full panoply of entities listed in section 610.010(4)(f) – *except for the provision at issue here* – which is uniquely limited to "any association."

The use of the term "any association" in the relevant part of section 610.010(4)(f)(b) is significant because it modifies the reach of that particular provision. Since an entity must be one described in section 610.010(4)(f) as a prerequisite to qualifying as a quasi-public governmental body under either sections 610.010(4)(f)(a) or (b), the term "any association" can be interpreted no broader than the sphere of entities which the general assembly included in section 610.101(4)(f). As it would have been unnecessary for the general assembly to insert the term "any association" had it meant for the category of entities that "directly accepts the appropriation of money from a public governmental body" to include all organizations already encompassed in section 610.010(4)(f), we must assume the general assembly intended "any association" to narrow the applicability of the category. *See Murray v. Mo. Highway and Transp. Com'n*, 37 S.W.3d 228, 233 (Mo. banc 2001) ("[T]he legislature is not presumed to have intended a meaningless act."). In light of the entities included in section 610.010(4)(f), we conclude that "any association" applies only to unincorporated associations.[5] Thus, in this context, we find that the term "any association"

---

[5] In so finding, we conclude that "any association" does not reach "any person, corporation or partnership organized or authorized to do business in this state pursuant to the provisions of chapter 352, 353, and 355[.]"

as used in section 610.010(4)(f)(b) does not reach entities, such as ACT Missouri, organized under chapter 355.

Point II denied.

## Points I and III[6]

In Point I, Malin asserts the trial court erred in granting summary judgment in favor of ACT Missouri arguing that "ACT Missouri's primary purpose is to enter into contracts with public governmental bodies, or to engage primarily in activities carried out pursuant to agreements with public governmental bodies" rendering it a quasi-public governmental body under section 610.010(4)(f)(a).

ACT Missouri argues that in determining an entity's "primary purpose," a court is limited to examining only the statement of purpose in its articles of incorporation. ACT Missouri then notes that the statement of purpose in its articles of incorporation does not include entering into contracts with public governmental bodies or engaging primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies.[7] In the view of ACT Missouri, this should end the examination.

---

[6] In his first point, Malin also claims that the trial court erred in denying his motion for summary judgment. In general, the denial of a motion for summary judgment is not a final judgment and cannot be reviewed on appeal. *Eldridge v. Columbia Mut. Ins. Co.*, 270 S.W.3d 423, 425 (Mo. App. W.D. 2008) "If, however, the merits of the denied motion for summary judgment 'are intertwined with the propriety of an appealable order granting summary judgment to another party,' the denial of a motion for summary judgment may be reviewed on appeal" *Id.* (quoting *Fischer v. City of Washington*, 55 S.W.3d 372, 381 (Mo. App. E.D. 2001)). Here, while we are able to review the denial of Malin's motion for summary judgment, Malin is not entitled to summary judgment based on our granting of Point III, which requires remand.

[7] ACT Missouri's articles of incorporation states the purpose of the organization as follows:

Realizing that Community Task Forces develop and function at different levels, and therefore exhibit different needs, the Association of Community Task Forces will provide:

* Grass roots leadership

* Support activities

* A central point of information sharing among communities

Malin, on the other hand, argues that the narrow approach urged by ACT Missouri finds no support in the provisions of chapter 610, and that permitting an entity to avoid transparency based on language inserted in its articles of incorporation – in this case, nearly three decades earlier – would undermine the intent and public policy underpinnings of the Sunshine Law.

We begin by noting that chapter 610 does not define "primary purpose" or contain language that purports to limit any inquiry into an organization's primary purpose to its articles of incorporation. *See, e.g., Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 467 (Mo. banc 2013) (quoting *Sherf v. Koster*, 371 S.W.3d 903, 907 (Mo. App. W.D. 2012)) ("A court is not at liberty to 'add words or requirements by implication where the statute is not ambiguous.'"). Indeed, such a requirement would make little sense as a non-profit entity organized under chapter 355, is under no mandate to include any purpose in its articles of incorporation. *See* § 355.096 (noting that the articles of incorporation *may* set forth the purpose or purposes for which the corporation is organized). Moreover, the notion that an organization could exempt itself from the Sunshine Law simply by the words it includes in its articles of incorporation is antithetical to the ideals of transparency embodied in the Sunshine Law.

In addition, none of the three cases principally relied on by the parties support ACT Missouri's contention that the test begins and ends with an examination of the articles of incorporation. *See Champ v. Poelker*, 755 S.W.2d 383, 390-91 (Mo. App. E.D. 1988) (relying on the allegation that "the Convention Bureau entered into a contract with St. Louis County in 1982 for the promotion of tourism and convention business in the County[,]" the Eastern District of this

---

In cooperation with task forces dealing with at-risk behavior and promoting healthy life styles, the ACT will provide a network of information regarding agencies and their services to Community Task Forces within the state of Missouri and all other legal powers permitted general Not-For-Profit Corporations. The corporation is organized exclusively for the charitable or educational purposes within the meaning of Section 501(C)(3) of the Internal Revenue Code.

Court found that the convention bureau met the definition[8] of a quasi-public governmental body sufficient for the plaintiff to survive a motion to dismiss); *SNL Securities, L.C.*, 23 S.W.3d at 736-37 (Mo. App. W.D. 2000) (focusing on the mission and membership of the organization to conclude that it was not a quasi-public governmental body). In *North Kansas City Hospital Board of Trustees v. St. Luke's Northland Hospital*, 984 S.W.2d 113 (Mo. App. W.D. 1998), on which ACT Missouri primarily relies, this Court did consider the purpose statement contained in the organization's articles of incorporation but not to the exclusion of all other evidence. Rather, the not-for-profit corporation's activities and board-of-directors membership were additional factors reviewed in determining that the entity was a quasi-public governmental body. *Id*. at 117-18. In all three of these cases, the appellate courts looked beyond any statement of purpose in the articles of incorporation. Thus, we reject ACT Missouri's contention that an organization's "primary purpose" must be gleaned only from its articles of incorporation.

We instead find that a court must engage in a factually specific inquiry to determine whether an entity satisfying the strictures of section 610.010(4)(f) has as "its primary purpose to enter into contracts with public governmental bodies or to engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies[.]" This examination may consider any purpose statement contained in the organization's articles of incorporation but must also permit review of present and historical activities of the entity, the nature of any relationship the entity has with public governmental bodies, the governing structure of the entity

---

[8] The definition of quasi-public governmental body at the time *Champ* was decided was "any corporation organized or authorized to do business in this state under the provisions of Chapter 352, 353, or 355, RSMo, which [1] performs a public function, and [2] which has as its primary purpose to enter into contracts with public governmental bodies, or engage primarily in activities carried out pursuant to an agreement with public governmental bodies." *Champ*, 755 S.W.2d at 391 (quoting § 610.010(2), RSMo 1986). The court in *Champ* emphasized the words "public function," "primary purpose," and "contracts." *Id*.

in addition to other aspects of the organization's existence and operation that would be probative of its purpose.[9]

We cannot determine whether the trial court erred in finding that ACT Missouri was not a quasi-public governmental body under section 610.010(4)(f)(a), because, as Malin argues in Point III, the trial court denied his request under Rule 74.04(f) to defer ruling on the motion for summary judgment so that he might conduct some discovery. Instead, the trial court accepted ACT Missouri's argument that the articles of incorporation provided the only relevant evidence. Indeed, it is clear from the record before us that the trial court granted summary judgment based on a belief that it may only look at the articles of incorporation to discern ACT Missouri's primary purpose. As we have determined above, the trial court's premise for granting summary judgment was incorrect. Similarly, the trial court relied on this same erroneous basis to deny Malin's Rule 74.04(f) request.[10]

In this case, ACT Missouri's motion for summary judgment was filed three months after the filing of the petition. The record reveals no discovery was ever completed. Written discovery that was propounded by Malin along with his attempt to depose a corporate representative was quashed. Malin had sought through discovery information and documents that specifically related to ACT Missouri's finances, contracts, activities, and funding for 2016, 2017, and 2018. As stated above, this information would be relevant to ascertaining ACT Missouri's "primary purpose." The trial court denied Malin the opportunity to conduct this discovery based on the misapprehension

---

[9] We stress that an entity might be found to have multiple purposes. However, in determining whether an entity is a quasi-public governmental body under section 610.010(4)(f)(a), a court is only interested in the entity's "primary" purpose.

[10] "Under Rule 74.04(b), a party defending a claim may move for summary judgment '[a]t any time.'" *Matysyuk*, 595 S.W.3d at 547. "If the non-movant wishes to conduct further discovery before the court rules on the summary judgment motion, it may move for a continuance under Rule 74.04(f)." *Id.* "'Rule 74.04(f) allows the trial court to postpone any ruling on a pending summary judgment motion to accommodate further discovery.'" *Id.* at 548 (quoting *Brooks*, 340 S.W.3d at 209).

of law that the articles of incorporation was the only relevant evidence it needed to consider. Under these circumstances, the trial court abused its discretion in denying Malin's Rule 74.04(f) request to defer ruling on the motion for summary judgment and to permit Malin to engage in discovery relevant to whether ACT Missouri is a quasi-public governmental body under § 610.010(4)(f)(a) and, in so doing, erroneously granted summary judgment in favor of ACT Missouri.

Point III granted.[11]

### Conclusion

The judgment of the trial court is reversed and we remand to the trial court for further proceedings consistent with this opinion.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[11] In Point I, Malin argues that the trial court erred in granting summary judgment in favor of ACT Missouri because ACT Missouri *is* a quasi-public governmental body under section 610.010(4)(f)(a). Based on our reasoning for granting Point III, it is premature to determine whether ACT Missouri satisfies section 610.010(4)(f)(a) and we therefore deny Point I.